TOWNSLEY ET AL., APPELLEES, *v.* CINCINNATI GARDENS, INC., APPELLANT.

(No. C. A. 73147—Decided January 14, 1974.)

6

: *Messrs. Smith & Kircher* and *Mr. William C. Hirsch,* for appellees.

*Messrs. Barbour, Kimpel & Allen* and *Mr. D. N. Bodley,* of counsel, for appellant.

HOLMES, J. This matter involves the appeal of a judgment rendered by the Common Pleas Court of Hamilton County in favor of the plaintiffs and against the defendant Cincinnati Gardens, for injuries sustained by plaintiff Harry A. Townsley as a business invitee of the defendant. The injuries were sustained by the plaintiff at the hands of other persons upon the premises.

The facts of the case in brief are that on November 2, 1969, the plaintiff Harry A. Townsley, a minor at such time, along with a friend, by the name of Gary Kasee, went to the Cincinnati Gardens in Cincinnati, Ohio, to view a performance of the Harlem Globetrotters. After purchasing their tickets, they went to their seats and remained there until about the third quarter of the exhibition basketball game, at which time the boys went to the concession stand in order to get some soft drinks.

Shortly therafter, Harry A. Townsley went to a nearby washroom upon such level of the Cincinnati Gardens, and while in such washroom he was approached by a young man who demanded money from him, whereupon the plaintiff informed the person that he had no money. Immediately thereafter, the person seeking money from the plaintiff was joined by other friends who thereupon set themselves upon the plaintiff and proceeded to assault him and beat him up. Such beating by his assailants resulted in the laceration of the face and lips of the plaintiff as well as the loss of two of his front teeth.

The plaintiff, a minor, and his father as next friend, brought an action in the Court of Common Pleas of Hamilton County, Ohio, seeking damages by way of the injuries sustained by the young man, and also by way of the doctor and medical bills sustained by the father.

The case was tried before the court, the jury having been waived, and after testimony was taken on behalf of the plaintiffs and defendant, the matter was taken under advise-

ment by the trial court, and subsequently such court issued its decision, including its findings of fact and conclusions of law.

The trial court held, in effect, that where an incident such as the instant matter occurred in a large metropolitan sports arena with approximately 5,000 persons present; where such incident took place in an isolated, dimly-lighted public restroom; where, on the night of such incident, the security guard was made up of five patrolmen, specifically the captain and four others; where two of such patrolmen were stationed on the main level and; where the responsibilities of the other three included supervising the entire remainder of the Gardens, the defendant either knew, or, in the exercise of ordinary care, should have known, of the danger which victimized the plaintiff.

The court, thereupon, entered a judgment for the father in the sum of $381 for dental expenses, and for the son in the amount of $346 for future dental expenses, and the sum of $1,750 to reasonably compensate the plaintiff son for pain and suffering growing out of the injuries sustained in the incident.

The defendant appeals, alleging two assignments of error: one, that the trial court erred when it failed to grant defendant's motion to dismiss; two, that the trial court erred when it pronounced the judgment for the plaintiff, such being against the manifest weight of the evidence.

The defendant, to substantiate its position on this appeal, relies in the main upon the case of *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42. The second and third paragraphs of the syllabus of such case, which we feel are applicable to the matter before us, are as follows:

"2. An occupier of premises for business purposes is not an insurer of the safety of his business invitees while they are on those premises.

"3. Where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitees, he is not liable therefor."

We feel that the case of *Howard* v. *Rogers* presents the law on the subject as it remains today. It is that there

must appear from the facts and the circumstances of the case presented that the defendant had some prior knowledge or experience of the type of occurrence which occasioned the plaintiff's injuries, as alleged, or that the defendant should reasonably have known of or anticipated the type of danger or acts of third persons which resulted in the injuries sustained by the plaintiff.

Let us look at the facts in order to determine whether the defendant either knew, or, in the exercise of ordinary care, should have known of the danger which resulted in the injuries to this plaintiff. Plaintiff Harry Townsley stated that he had been in the Cincinnati Gardens on other occasions and had never seen any fights or anything of that nature in the Gardens before.

The plaintiff's friend testified that he saw what appeared to be mothers and fathers of children in attendance, and that he did not observe any fights or disturbances in the Gardens that evening.

Mr. Joseph Aldrich, who was the captain of the private police association that was employed to supply the police protection for Cincinnati Gardens at the time, testified that he had been associated in this private police association for some sixteen years and had participated in the planning for police protection for various events taking place in the Gardens. He stated that it was a common practice to patrol the halls and washrooms in the Gardens, to see that property was not damaged and patrons were safe. He stated that among the things taken into consideration in the type of protection provided and the numbers of men offering such protection was the nature of the event, which would determine the probability of any trouble as well as the anticipated attendance. He testified that he would anticipate a greater possibility of trouble during a rock-and-roll show, and wrestling or boxing matches, or that type of affair, rather than a family show such as the Globetrotters exhibition. He further testified that during such considerations he had determined that five men, being present for security duty, was ample protection for the evening.

There was some evidence of a few instances where pa-

trons had been assaulted by other patrons in the Gardens while attending other types of shows but there was no specific evidence of any assaults in washrooms during which boys may have been seeking money, and upon being refused had beaten up the ones approached.

Although it might be true that, in general, courts may take judicial notice that crime has been on the increase in the last number of years, it does not follow that we may at this juncture take judicial notice that the numbers of crimes that have taken place in public washrooms of exhibition halls have markedly increased. Neither can we, as a matter of law, in the absence of clear evidence in support thereof, state that it is necessary for management to place any given number of security guards at certain locations for the care and safety of its invitees.

We hold that the case law pronounced in *Howard* v. *Rogers, supra,* is in fact applicable to the case that was before the trial court herein and before this court, even though the injury received by the plaintiff in *Howard* took place in a small town junior high school gymnasium where a dance was being conducted and an admission fee charged.

Further, the case of *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29, may, on the other hand, be distinguished from the instant case in that the fact situation in *Roberts* presented the issue of whether the proprietor, in continuing to sell a drunken patron drinks, knowing the propensity of such patron to be violent when inebriated, may be chargeable with a failure to use due care for the protection of his business invitees from physical injury as a result of the violent acts of third persons, when an injury or death occurs to another patron.

*Mason* v. *Roberts* presents an entirely different fact situation from the one before us at this time. The Supreme Court quite understandably held that such issues were ordinarily questions for the trier of the facts.

However, in the instant matter, there is no evidence in the record that would show that the defendant, because of prior activities upon the premises during any given performance, could have anticipated the act of the assailants in injuring the plaintiff herein. The law does not exact upon

a business proprietor a degree of duty to anticipate that which could occur upon his premises to the distress or damage of his invitees, beyond that which could reasonably be foreseen.

It is true at this point in time that such an incident has taken place in the Cincinnati Gardens, and the proprietor has now become aware of the potential of such an incident; therefore, it may be that the necessity of adding additional security forces to protect the business invitees becomes a reality of life. However, it cannot be said that upon the state of the record as provided to the trial court, and to this court upon appeal, the defendant proprietor had knowledge of prior incidents which would have occasioned the necessity for having additional security forces stationed at the washrooms, or would have necessitated the making of rather frequent periodic visitations to such areas, in order to protect their business invitees.

Here, there being no evidence adduced from which reasonable minds could have concluded that the defendant Cincinnati Gardens knew of, or could reasonably have anticipated, the danger to this plaintiff, the trial court should have entered a judgment for the defendant. For the trial court not to have done so was manifestly against the weight of the evidence.

Based upon all of the foregoing, the judgment of the Common Pleas Court of Hamilton County is hereby reversed, and judgment is hereby entered for the defendant as such judgment should have been entered by the trial court.

*Judgment reversed.*

SHANNON and STRAUSBAUGH, JJ., concur.

HOLMES and STRAUSBAUGH, JJ., of the Tenth Appellate District sitting by designation in the First Appellate District.