MONTGOMERY ET AL., APPELLANTS, *v.* YOUNG MEN'S CHRISTIAN ASSOCIATION OF CINCINNATI AND HAMILTON COUNTY ET AL., APPELLEES; MOORE.

(No. C-860579—Decided July 29, 1987.)

Thomas S. Sperber, for appellants.
Henry G. Berlon, for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This timely appeal results from the trial court's granting of appellees' motion for summary judgment pursuant to Civ. R. 56. Appellants' single assignment of error alleges the trial court erroneously granted appellees' motion. We disagree.

The record reveals that Carol Montgomery ("Carol"), a member of the Powel Crosley Branch of the YMCA, was at said branch with her minor daughter, Jane Doe ("Jane"), on June 25, 1983. Jane was in the swimming pool and was allegedly sexually assaulted by third-party defendant, Fred Moore ("Moore").[1] Resultantly, appellants brought the instant action in negligence against the YMCA.

Appellants claim that a duty to Jane was imposed on the YMCA based upon its past experience and that, therefore, the assault to her as an invitee was reasonably foreseeable. See *Townsley* v. *Cincinnati Gardens, Inc.* (1974), 39 Ohio App. 2d 5, 68 O.O. 2d 72, 314 N.E. 2d 409. The alleged past experience and reasonable foreseeabil-

---

[1] The record herein indicates that Moore subsequently pleaded guilty to a charge of gross sexual imposition.

ity argument is predicated upon an incident that occurred in June 1982, when one Jason Evers was abducted from the outer perimeter of the ten-acre YMCA premises, and was slain.

Construing the evidence most strongly in favor of appellants, we conclude that reasonable minds could find no relevant similarity between the Evers incident and the instant matter; thus, the fundament of past experience and reasonable foreseeability necessary to create a genuine issue of material fact is lacking.

The record fails to reveal any prior event or experience similar to Jane's assault which would put the YMCA on notice or render such occurrence reasonably foreseeable. The Evers case is too remote and dissimilar to constitute the past experience necessary to give rise to reasonable foreseeability of a sexual assault in the supervised swimming program.

Appellants' assignment of error is overruled as we find no error in the trial court's granting of appellees' motion for summary judgment.

*Judgment affirmed.*

BLACK, P.J., DOAN and UTZ, JJ., concur.