BENDER ET AL., APPELLANTS, *v.* FIRST CHURCH OF THE NAZARENE ET AL., APPELLEES; STATE FARM FIRE AND CASUALTY COMPANY.

(No. CA-3448—Decided September 7, 1989.)

*Robin Lyn Green* and *Cindy Ripko,* for appellants.

*Christopher Meyer* and *William Douglas Lowe; David Patterson; Glenn Allen White, Steven T. Greene* and *John T. Wallace; Steven E. Schaller;* and *John C. Berryhill,* for appellees.

MILLIGAN, J. On January 25, 1987, appellant, a six-year-old male, was anally raped on the premises of the First Church of the Nazarene in Newark, Ohio.

In their amended complaint the child, his mother, and four siblings sued (1) the First Church of the Nazarene, (2) Claude Nicholas, Pastor, (3) Bev Bridges, (4) Bernie Weddington, (5) James Hostetter, a minor, (6) Grayson Hostetter, and (7) Pamela Hostetter.

The first count alleged negligent supervision by the church and its agents resulting in injuries to the child, emotional distress to the mother and siblings, loss of services, and medical and psychological expenses.

The second count alleges that the church and its agents (Nicholas, Bridges and Weddington) willfully, wantonly and recklessly placed James Hostetter in a position of control and supervision of the child, causing the foresaid injuries.

Count three alleges that James Hostetter maliciously and willfully raped the child.

Count four alleges that James Hostetter's parents, Grayson and Pamela, negligently failed to supervise or control their son.

Count five alleges that James Hostetter's parents willfully, wantonly, and recklessly failed to supervise or control their son.

Following hearing the trial court granted summary judgment in favor of all named defendants except James Hostetter and his parents. See Civ. R. 54(B).

Plaintiffs appeal, assigning a single error:

Assignment of Error

"The trial court committed prejudicial error by granting the motion for summary judgment and finding there is no genuine issue as to any

material fact and defendants are entitled to judgment as a matter of law."

The six-year-old child attended a church school class of approximately forty-five first and second graders at the church during the morning church services. The only adult present was appellee Bernie Weddington. Consistent with past practice, Bernie Weddington was assisted by her fifteen-year-old daughter and fourteen-year-old James Hostetter.

The Hostetter youth assisted Bernie Weddington from time to time by setting up for snacks and helping with coloring, pasting and cutting out. He did not help with lessons.

On the day in question, the victim evidenced a behavior problem in the class. He used inappropriate language and hit and kicked a child sitting next to him during the final twenty minutes of the session:

"A. (Weddington): We were trying to have our story time he (victim) was very disruptive that particular day and Jamie (Hostetter) volunteered to take him back and color and I told him he could do that." (Weddington deposition.)

Weddington did not check on the victim or Hostetter during the remainder of the class and did not see either until the class ended.

For purposes of summary judgment consideration, appellees acknowledge that Hostetter took the child to an unused room in the church, slapped him into submission, committed anal rape, and threatened him with future harm if he told anyone.

Appellants claim summary judgment was inappropriate for the reason that there exist genuine disputes as to material facts.[1]

Appellees argue that upon the facts, construed most favorably to plaintiffs, the law imposes no duty upon which can be inscribed a breach.

For purposes of summary judgment, appellees concede that the victim qualifies as a "business invitee."

"Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances. The established test of negligence is the conduct of a reasonably prudent man in like circumstances. Actionable negligence does not consist of failing to take extraordinary measures which hindsight demonstrates would have been helpful." (Footnotes omitted.) 70 Ohio Jurisprudence 3d (1986), Negligence, Section 9, at 46-47.

Further:

"An occupier of premises for business purposes is not an insurer of the safety of his business invitees while they are on those premises.

"Where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes

---

[1] In compliance with Fifth Appellate District Loc. R. 4, the appellants state:

"It is appellants' position that there is genuine issue as to material facts and appellees are not entitled to judgment as a matter of law. There are several issues in dispute: (1) What was the duty of care owed appellant Bobby Lee Bender? (2) Did the church and its agents fail in this duty? (3) Who were the church agents? (4) Was the teacher, Bernie Weddington, negligent in supervising Bobby Lee Bender and James Hostetter? (5) Did church and its adult agents willfully, wantonly and recklessly place James Hostetter in a position of control and supervision over Bobby Lee Bender? (6) Were the injuries to Bobby Lee Bender proximately resulting from the failure of appellees to discharge their duty of care owing to appellant Bobby Lee Bender?"

injury to his business invitees, he is not liable therefor." *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42, 48 O.O. 2d 52, 249 N.E. 2d 804, paragraphs two and three of the syllabus.

The church and its agents owed to appellants a duty of ordinary care to avoid injury consistent with the facts and circumstances extant.

Appellants have presented no evidence that any of the appellees knew or, in the exercise of reasonable diligence, should have known of or anticipated a criminal sexual assault by James Hostetter upon another. See *Vrabel* v. *Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564[2]; *Longo* v. *Tabasso* (App. 1951), 62 Ohio Law Abs. 199, 106 N.E. 2d 587[3]; *Townsley* v. *Cincinnati Gardens, Inc.* (1974), 39 Ohio App. 2d 5, 68 O.O. 2d 72, 314 N.E. 2d 409[4]; *Montgomery* v. *Young Men's Christian Assn. of Cincinnati & Hamilton Cty.* (1987), 40 Ohio App. 3d 56, 531 N.E. 2d 731.[5]

Appellants' reliance upon evidence that a similar incident had taken place several years earlier does not avail.

There is no evidence that the church or its agents knew or, in the exercise of reasonable diligence, should have known of such prior activity.

Concluding as we have that the trial court correctly analyzed the negligence duty of the church and its officers, and breach thereof, it follows that appellants also failed to present any evidence upon which reasonable minds could differ as to the claim of intentional tort.

We also observe that as to both negligence and intentional tort, appellants provide no authority in support of their conclusion. Summary judgment was appropriate because there was no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The single assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J., concur.

---

[2] While working at the Acri Cafe, defendant's husband, Michael Acri, shot and killed one patron and physically assaulted another. Plaintiff claimed that because defendant and her husband jointly owned the cafe, defendant was liable in negligence for her partner's acts. The Supreme Court held, *inter alia*, that although Michael Acri had been hospitalized for mental disorder, there was no evidence that defendant knew or had good reason to believe he was dangerous and prone to injure cafe patrons. Defendant was found not negligent.

[3] Defendant's cafe employee stabbed plaintiff with a knife during a barroom brawl. The Eighth District Court of Appeals found that because there was no evidence that defendant had any knowledge of his employee's violent and disorderly propensities, the employer exercised ordinary care and was not negligent.

[4] Plaintiff and his son attended an exhibition basketball game at defendant's metropolitan sports arena. Plaintiff's son was beaten and mugged in defendant's washroom "at the hands of other persons on the premises." The court held that defendant had no prior knowledge or experience of the type of occurrence which occasioned plaintiff's injuries and hence was not negligent.

[5] Jane Doe, a minor, was sexually assaulted by a third party while swimming in defendant's swimming pool. Relying on *Townsley, supra,* the court did not find defendant negligent because the record failed to "reveal any prior event or experience similar to Jane's assault which would put the YMCA on notice or render such occurrence reasonably foreseeable." *Id.* at 57, 531 N.E. 2d at 732.