**Rush v. Lawson Co.**
**Case No. 9-88-19**
**Marion County (3rd)**
**Decided January 3, 1990**
[Cite as 1 AOA 137]

*Mr. C. Michael Piacentino, Attorney At Law, 198 East Center Street, Marion, Ohio 43302, For Appellants,*

*Mr. Theodore A. Parsell, Attorney At Law, 113 South Main Street, P.O. Box 499, Marion, Ohio 43302, For Appellees.*

KERNS, J.

The plaintiffs, Velma and William Rush, commenced this action in the Court of Common Pleas of Marion County against the defendant, the Lawson Company, claiming damages for personal injuries sustained by Mrs. Rush when she was assaulted on the parking lot in front of the Lawson Company store in Marion, Ohio. On August 21, 1984, the plaintiff, Rush, was struck from behind and knocked to the pavement after completing her business at the defendant's convenience store.

Subsequently, Lawson filed a motion for a summary judgment which was accompanied by an affidavit which states, among other things, that "since the opening of the store at 588 North Main Street, Marion, Ohio on November 17, 1967, until August 21, 1984, no assaults or other criminal activity occurred on the parking lot area at said store."

However, the plaintiffs countered with the Marion City Police Index for the Lawson store in question which indicated that eleven armed robberies and forty-eight shop lifting offenses had occurred between August, 1970 and August, 1984. The exhibit submitted by the plaintiffs further indicated that a theft offense had occurred on the Lawson parking lot in April, 1976, and that a robbery had been committed on the parking lot as late as July, 1984.

In opposition to the motion for a summary judgment, the plaintiffs also filed an affidavit from a former employee of the Lawson store which provides, in substance, as follows:

"Prior to August 21, 1984 I was employed at the business known as Lawson and located at 588 North Main Street, Marion, Ohio 43302. Prior to August of 1984 customers and Lawson employees were victims of criminal activity that took place on the premises of the parking lot. These instances of criminal activity were known to Lawson management and the Marion City Police. In spite of the criminal activity no warning signs or extra security was given customers concerning the occurrences. Management, even after being made aware of the criminal conduct and threats to the safety of the employees and customers did nothing to increase security for the customers and the employees. It

was just a matter of time until someone got seriously hurt and Lawson's and their management were aware of the likelihood that someone would get injured.

"During my employment and during the months immediately preceding August of 1984, I was aware of at least four or five calls per week to police involving criminal activity both inside and outside the store. "Further, the rear of the store was a gathering place for neighborhood hoods and trouble makers. These people were constantly involved in harassment of customers and store employees. Further, they were constantly drinking. Lawson management was aware of this situation. In addition, those people harassed neighbors.

"During my employment Lawson was responsible for the care supervision of the parking lot surrounding the business."

Thereafter, the trial court sustained the defendant's motion and dismissed the plaintiffs' complaint, and from the judgment thereupon entered in the Court of Common Pleas, Mr. and Mrs. Rush have perfected an appeal to this court.

The appeal is predicated upon two assignments of error, both of which are directed to the same basic issue and each of which has been stated by the appellants as follows:

"1. The trial court erred in finding as a matter of law that the criminal acts of the assailant on the defendant's parking lot were not foreseeable.

"2. The trial court erred in failing to permit the trier of fact to determine the issue of foreseeability."

These alleged errors were apparently drafted by the appellants in the shadow of *Daily* v. *K-Mart* (1981), 9 Ohio Misc. 2d 1, where the court concluded, after a comprehensive analysis, that "a possessor of land for business purposes may be liable for physical harm caused to business invitees by the criminal acts of third persons which could have been foreseen by the possessor." In the *Daily* case, the court relied heavily upon *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42, where the Supreme Court ruled, in a unanimous decision, that "an occupier of premises for business purposes may be subject to liability for harm caused to a business invitee by the conduct of third persons that endangers the safety of such invitee * * * ." See also *Townsley* v. *Cincinnati Gardens, Inc.* (1974), 39 Ohio App. 2d 5.

In such cases, the controlling issue turns upon whether the criminal acts and resulting injuries were reasonably foreseeable. In other words, did previous experience on the premises create a duty to provide additional protection for business invitees? Or, as in the present case, and with a conscious regard for the police references to the Lawson premises, was the criminal behavior on the parking lot within the realm of reasonable anticipation?

In answering these questions, this court must be guided, of course, by the oft-repeated admonition that "a summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor". Civ. R. 56(C).Here, the defendant's affidavit in support of its motion cannot be reconciled with the police index submitted by the plaintiffs as an exhibit. The plaintiffs' evidence, as a whole, while tainted somewhat by the subjectivity of the former Lawson employee, was nonetheless sufficient to pose a genuine factual issue as to foreseeability.

To be sure, reasonable minds might differ, under the existing circumstances, as to whether more security was reasonably necessary, and both of the assignments of error therefore must be sustained.

Accordingly, the judgment will be reversed and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHAW and BRYANT, JJ., concur.

JOSEPH O. KERNS, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.