DOE, Appellant,

v.

SYSTEM PARKING, INC., Appellee.

[Cite as *Doe v. Sys. Parking, Inc.* (1992), 79 Ohio App.3d 278.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62603.

Decided April 20, 1992.

*Howard A. Schulman,* for appellant Jane Doe.

*Alan M. Petrov* and *Jeffrey R. Sadlowski,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Appellant's sole assignment of error has merit.

Based upon the totality of the circumstances, we find a material issue of fact exists regarding the foreseeability of the abduction, and subsequent rape and robbery, of plaintiff-appellant while entering her car in defendant-appellee's attended parking facility located in downtown Cleveland. This case is distinguishable from our recent decisions in *Valles v. Hannan–110 Limited* (June 27, 1991), Cuyahoga App. No. 60931, unreported, 1991 WL 127131, and *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071. In the present case, appellee provided, at a customer's request, an attendant to help provide for its customers' safety. However, the record reveals that the attendant on duty at the time appellant was abducted had fallen asleep while locked inside his booth with a radio and a loud air conditioner operating. Apparently, the attendant regularly locked himself inside the attendant's booth because he was concerned about the "suspicious people" and "bums" that walked through the lot in question. In fact, a pipe and hammer were kept in the attendant's booth for protection. The record also indicates that appellee's attendants were given certain instructions in the event a customer was attacked. Moreover, it appears the parking lot in question was in the midst of a high-crime area, which included incidents of violent crimes.

Finally, Dr. Daniel B. Kennedy, an expert in the fields of criminal justice and security administration, averred that the place and character of appellee's business are such that appellee should have anticipated criminal conduct on the part of third persons. Dr. Kennedy averred that the character of appellee's business, including the concentration of parked cars and customers who often return to their cars alone, provides targets for criminal activity. Further contributing to the foreseeability of a criminal attack, Dr. Kennedy averred, is the fact that the instant parking lot is located in a high-crime area with an exceptional concentration of "crime magnets," including buildings wherein various offices and administrative agencies of the criminal justice system are located; other "crime magnets" include a hub for public transportation and various adult entertainment establishments, all of which are located nearby.

While it is true that a business is not an absolute insurer of its business invitees' safety, we believe the facts in the present case raise a material issue

of fact regarding the foreseeability of such an attack. Our decision in the present case is supported by the recent decisions of *Knor v. Parking Co. of Am.* (1991), 73 Ohio App.3d 177, 596 N.E.2d 1059, and *Rush v. Lawson Co.* (1990), 65 Ohio App.3d 817, 585 N.E.2d 513. We hasten to add that our decision today will not open the floodgates of liability to the owners or occupiers of real property based on the criminal conduct of third parties. Our decision today is based on the facts before us and, as was the case with the court below, the issue decided is limited to whether a material issue of fact exists regarding the foreseeability of such criminal activity, *i.e.*, whether appellee owed a duty to appellant. The issues of breach of said duty and whether such breach is the direct and proximate cause of appellant's injuries, as well as various defenses to a negligence action, are better left for another day.

Accordingly, the judgment below is reversed, and the cause is remanded to the trial court.

*Judgment reversed*
*and cause remanded.*

MATIA, C.J., FRANCIS E. SWEENEY and ANN MCMANAMON, JJ., concur.