**KORALEWSKI, Appellant,**

v.

**J–ARD CORPORATION et al., Appellees.**

[Cite as *Koralewski v. J–Ard Corp.* (1999), 133 Ohio App.3d 18.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–98–1360.

Decided March 31, 1999.

*Charles H. Sallah,* for appellant.

*Peter C. Munger,* for appellees.

SHERCK, Judge.

Appellant, Gerald Koralewski, was injured when he and two companions were attacked by unknown assailants in the parking lot of the Malibu Bar.

When the Koralewski trio arrived at the bar near midnight, the steering of their car went out. Nevertheless, they went into the Malibu and stayed until closing. At some point, either before or immediately after the Malibu's 2:00 a.m.

closing hour, appellant called his sister, requesting that she give the three men a ride. After closing, while awaiting the arrival of appellant's sister, the three attempted to move the disabled car. It was then that they were attacked by as many as fifteen youths.

While appellant was being beaten, one of his companions ran to the door of the Malibu to get help. Malibu employees denied him entry and told him to call 911 at the convenience store pay phone next door. This he did.

By the time police arrived, the attackers had fled. Appellant was treated at the scene by emergency medical technicians. The next day he discovered he had a broken cheek bone, which required surgery.

Appellant brought a negligence suit against the owners of the Malibu, appellees J–Ard Corporation and Double D Ventures, Inc.[1] Appellant alleged that his injuries were the result of appellees' negligence in failing to provide parking lot security when they knew or should have known that the area presented a danger to patrons.

Following discovery, appellees moved for summary judgment, arguing that they had no duty to guard the parking lot after closing. In analyzing appellees' motion, the trial court determined that appellant lost his status as a business invitee after closing. Without that status, the court concluded, he was owed no right to protection from the business owner for the criminal acts of third parties. See *Simpson v. Big Bear Stores* (1995), 73 Ohio St.3d 130, 652 N.E.2d 702. Additionally, the court determined that the affidavit of a police officer was insufficient to establish that appellees knew or should have known the parking lot was dangerous. The court then granted appellees' summary judgment motion, and appellant now brings this appeal.

Pursuant to Loc.R. 12(C) of the Sixth District Court of Appeals, we *sua sponte* transfer this matter to our accelerated docket and hereby render our decision.

Appellant raises four assignments of error, all claiming that the trial court erred in granting summary judgment.

■ On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made,

---

1. Also named were two John Doe employees of these defendants.

who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(E).

■ A material fact is one that would affect the outcome of the suit under the applicable substantive law. *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519–520, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212.

The evidentiary material submitted in support of and in opposition to the summary judgment motion raises a substantial question of fact as to the lapse of time between the closing of the bar and the attack on appellant. The owner of the bar insists that the bar closed at 2:00 a.m. and that police were not called until 3:00 a.m. The deposition testimony of appellant and his witness indicated that the bar did not begin closing until 2:15 a.m. or later and that the attack began only a few minutes after that.

■ We find this time discrepancy material because unlike the trial court, we do not believe that a business owner's duty to protect invitees on its premises automatically dissipates at closing time. If such a duty exists, it continues for some reasonable amount of time to allow patrons to clear the premises. Whether the amount of time would be five minutes or five hours is dependent on the totality of the surrounding circumstances.

■ Having said that, we nevertheless must agree with the trial court with respect to appellant's police affidavits. The owner of a business is not an insurer for customers on the premises of that business. *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph two of the syllabus. However, a business owner does have a duty to protect customers when there is a foreseeable risk of which the owner knows or should know. *Townsley v. Cincinnati Gardens, Inc.* (1974), 39 Ohio App.2d 5, 7, 68 O.O.2d 72, 72–73, 314 N.E.2d 409, 410–411. It is incumbent on the plaintiff in establishing such foreseeability to show that the defendant had notice of the condition that gave rise to the injury. *Howard* at paragraph three of the syllabus.

In this matter, appellant attempted to show that appellees had notice of the danger in their parking lot through two affidavits submitted by a Toledo police officer. This officer averred that before the date of appellant's injury, he was aware of "crimes against people" in the area and in the Malibu parking lot. Further, the officer recounted that one man was beaten and another killed in the strip shopping center next to the Malibu "some time in 1996." The officer also reported that he had spoken to the Malibu bouncers regularly, advising them to maintain crowd control at closing. The affidavit contained no time frame relative to the officer's discussions with Malibu employees and appellant's assault.

In these affidavits, the officer speaks of his awareness of a problem in the Malibu parking lot and nearby areas before the date of this incident. Because police were aware of a problem does not impute that knowledge to appellees. Similarly, the officer's report of discussing a problem with Malibu bouncers does not indicate whether these warnings occurred before or after the date of this incident. Consequently, the officer's affidavits failed to show that appellees had notice of a dangerous condition in the parking lot before appellant's injury. Without such notice, no duty by appellees to appellant arose, and the trial court was correct in granting summary judgment to appellees. Accordingly, all of appellant's assignments of error are not well taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK, P.J., and PIETRYKOWSKI, JJ., concur.