OPINION
Plaintiff-appellant, Cary Bush, appeals a Warren County Court of Common Pleas decision granting summary judgment to defendant-appellee, Karl Ferree, and dismissing appellant's negligence complaint. We affirm.
On March 16, 1996, appellee was assisting appellant in moving furniture and belongings from the home of appellant's former wife. Appellee had offered the use of his pickup truck for the move. Appellee owned approximately twenty bungee cords in lengths varying from one foot to two feet. After the first load of furniture was placed on the truck, appellee hooked one end of an eighteen inch bungee cord on his side of the truck and tossed it on top of the load. Appellee then turned to get another bungee cord, as he knew that it took two or three cords to secure a load across the width of his truck. Appellant had never used bungee cords before, and assumed that he should hook the bungee cord on his side of the truck. Appellee did not instruct appellant to secure the cord and appellant did not ask appellee for any directions on using the bungee cord before attempting to pull the cord to his side. As appellant pulled on the cord, it came loose and hit appellant in the left eye. Appellant sustained loss of vision and pain requiring medical treatment.
Appellant brought suit against appellee, claiming negligence. Following discovery, including depositions of both parties, appellee filed a motion for summary judgment. Appellee argued that he owed no duty to appellant as he had not created an unreasonable risk of harm. Appellee also argued that appellant's contributory negligence exceeded any alleged negligence of appellee. The trial court granted summary judgment to appellee, finding that appellant had "failed to present any evidence that [appellee] breached a duty to [appellant] and was negligent."
Appellant has raised two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT THERE WAS NO EVIDENCE THAT DEFEND ANT INSTRUCTED OR REQUESTED PLAINTIFF TO STRETCH THE BUNGEE CORD ACROSS DEFENDANT'S TRUCK.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT DEFENDANT WAS NOT NEGLIGENT BE CAUSE THERE WAS NO EVIDENCE THAT DEFENDANT OWED OR BREACHED A DUTY TO PLAINTIFF.
Appellant's assignments of error both challenge the propriety of the trial court's summary judgment order and will be considered together. When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Jones v.Shelly (1995), 106 Ohio App.3d 440, 445. Summary judgment is appropriate upon a demonstration that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. To prevent an adverse summary judgment in a negligence action, the plaintiff must show the existence of a duty and sufficient evidence from which reasonable minds could infer a breach of duty and an injury resulting proximately therefrom.Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77.
Appellant claims that the act of placing the bungee cord on top of the load could have been interpreted as an implied instruction to stretch the cord to the other side of the truck. Appellant argues that the trial court erroneously found no liability simply because appellee did not expressly and orally instruct appellant to stretch the bungee cord. Appellant cites no authority and we have found none imposing a duty to refrain from all actions which could conceivably be implied to invite other possibly negligent actions.
Appellant claims he had never used bungee cords before, while appellee had, and therefore appellee had a duty to proffer explicit instructions not to attempt to stretch a single cord across the width of the truck bed. There is no evidence in the record indicating that appellee was aware that appellant had no previous experience with bungee cords. Furthermore, there is no evidence that appellee knew that appellant was attempting to secure the cord; appellee had turned away to obtain a second cord. Even if he had known of appellant's inexperience, appellee had no duty to warn against the negligent action of stretching a bungee cord beyond its limits.
This court has previously held "no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury has been sustained." Wallace v.Geyer (Aug. 24, 1998), Butler App. No. CA98-04-089, unreported, at 7 (citation omitted). Furthermore, the inference that an accident might have been prevented by another party is not, without more, enough to withstand summary judgment. As the Fourth District Court of Appeals has noted,
 Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances. The established test of negligence is the conduct of a reasonably prudent man in like circumstances. Actionable negligence does not consist of failing to take extraordinary measures which hindsight demonstrates would have been helpful.
Bender v. First Church of the Nazarene (1989), 59 Ohio App.3d 68,69. The existence of a duty is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314.
The undisputed facts in this record convince us that the trial court correctly determined that appellee breached no duty to appellant. We also note that the trial court could have determined that, as a matter of law, appellant's negligence outweighed that of appellee, thus barring appellant's suit under comparative negligence principles. See Mitchell v. Ross (1984),14 Ohio App.3d 75. Therefore, appellant's assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.