DECISION AND JUDGMENT ENTRY
Joseph and Florence Martin appeal the summary judgment entered by the Washington County Court of Common Pleas in favor of B D Incorporated, d.b.a. Pastime Lanes, Pastime Pizza, Keg Room and Tally Ho Restaurant. They assign one error:
 The trial court erred when it determined that reasonable minds can come but to one conclusion, and that conclusion is adverse to the Plaintiffs-Appellants in that a genuine issue of material fact both pertaining to the length of time a wet substance causing a fall and serious injuries remained on the floor is a factual matter for determination by a trier of fact, and the liquid causing the fall was in an area exclusively control [sic] by the Appellee and placed there by the Appellee.
We find that summary judgment was appropriately entered and affirm the trial court's judgment.
The appellants met their daughter and son-in-law, Carol and Christopher Layh, for drinks at the Keg Room on St. Patrick's Day in 1998. A karaoke machine was set up by a stage at one end of the restaurant, near the bar. The appellants were summoned by the master of ceremonies to sing karaoke. To reach the stage, the appellants walked by the bar and through an area of the restaurant that was used by the employees to serve drinks as well as to store dirty dishes and glasses. As Mr. Martin reached the performance area, he slipped and fell backwards, hitting his head. He also hit his right eye with a microphone he had picked up from a stand in front of the stage. Mr. Martin's face and clothing were wet after the fall. The next morning, Mr. Martin awoke with a black eye and began to have vision problems. Mr. Martin had a total of nine surgeries on both eyes to correct problems that he attributes to his fall, including a partial detachment in his left retina. He has no vision out of his right eye and the vision out of his left eye has been diminished.
The appellants filed a complaint against the appellees alleging negligence and loss of consortium. The appellees filed a motion for summary judgment, which the trial court granted. Specifically, the trial court found that the appellants presented no evidence that the appellees, its agents, or its employees "had actual knowledge of the alleged substance and that they neglected to give adequate notice of its presence or remove it promptly. Additionally, there is absolutely no evidence that the substance had existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to a lapse of ordinary care." The appellants filed a timely appeal from this decision.
Summary judgment is appropriate when the movant demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, after construing the evidence most strongly in the nonmoving party's favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. In Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 22-24, the court stated that to defeat a motion for summary judgment filed by a defendant in a negligence action, the plaintiff must identify a duty, or duties, owed him by the defendant. Further, the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific dutywas breached, that the breach of duty was the proximate cause ofplaintiff's injury, and that plaintiff was injured. Id. (Emphasis Supplied).
When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court should not defer to the trial court's decision in summary judgment cases. See Morehead v. Conley (1991),75 Ohio App.3d 409.
In Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203, 203-204, the Supreme Court of Ohio set forth the duty a business owner owes a business invitee:
 A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of a customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers which are unknown to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. (internal citations omitted.)
The fact that a business invitee falls while on a business owner's premises does not give rise to an inference or presumption of negligence.Hodge v. K-Mart Corp. (Jan. 18, 1995), Pike App. No. 93CA528, unreported, citing Parras v. Standard Oil Co. (1953), 160 Ohio St. 315. Rather, "it is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined by a jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." Id., quoting Boles v. MontgomeryWard Co. (1950), 153 Ohio St. 381; Stamper v. Middletown Hosp. Assn.
(1989), 65 Ohio App.3d 65, 67-68. Thus, the plaintiff must offer proof that the hazard was created by the negligent act of the shopkeeper or the shopkeeper had or, in the exercise of ordinary care, should have had notice of the hazard. Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589; Hodge, supra.
The appellees argue that Mr. Martin cannot identify the cause of his fall and, therefore, they are entitled to summary judgment. It is well-settled that speculation or conjecture by the plaintiff as to the culpable party who caused his fall and what caused his fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation. Strother v. Hutchinson (1981), 67 Ohio St.2d 282;Townsley v. Cincinnati Gardens, Inc. (1974), 39 Ohio App.2d 5. Therefore, the appellant must be able to identify the cause of his fall.
Mr. Martin stated in his deposition that he slipped on a liquid substance on the floor of the Keg Room. He admitted that he was unsure what type of liquid he stepped in and he did not know how long it had been on the floor. Mr. Martin stated that he did not see the substance before he fell. After his fall, his face and clothing were wet.
The appellants also submitted an affidavit from their son-in-law, Christopher Layh, who stated that he helped Mr. Martin up after his fall. He stated that Mr. Martin's hair, shirt and pants were wet from the liquid on the floor. Mr. Layh further indicated that "Mr. Martin did not carry a drink with him to the stage and the liquid had to be on the floor prior to his approach." Mr. Layh also indicated that "[t]he area where Mr. Martin slipped and fell was wet and slick when I helped [him] up."
The appellees submitted the affidavit of Pam Clatterbuck, a waitress at the Keg Room who was working the evening Mr. Martin fell. Ms. Clatterbuck stated that when Mr. Martin fell, his head landed on her foot. She then spilled beer on Mr. Martin and the floor. She further stated that she had traveled through the area where Mr. Martin fell throughout the evening. There was no liquid on the floor and the area was not wet or slick. Ms. Clatterbuck further indicated that she and the other Keg Room employees were trained to keep the floor clear and if the area where Mr. Martin fell had been wet or slick prior to his fall, it would have been cleaned up immediately.
The appellees contend that Mr. Layh's affidavit should not be considered because it is not based on personal knowledge as required by Civ.R. 56 (E). Civ.R. 56(E) establishes three requirements for an affidavit in a summary judgment proceeding. Under this rule, the affidavit must: (1) be made on personal knowledge; (2) set forth facts which would be admissible in evidence; and (3) affirmatively show the affiant to be competent to testify to the matter related. See, also,Johnson v. Morris (1995), 108 Ohio App.3d 343.
The appellants submit that Mr. Layh's affidavit should not be used to support the conclusion that the liquid was on the floor prior to Mr. Martin's fall because he did not have personal knowledge of that fact. We agree. Mr. Layh's statement that "the liquid had to be on the floor prior to his approach" is based on two facts: (1) Mr. Martin was not carrying a drink when he approached the stage, and (2) the floor was wet after he fell. However, there is no indication that Mr. Layh observed the floor immediately prior to Mr. Martin's fall. While Mr. Layh may have an opinion concerning the floor's condition prior to the fall, he has no personal knowledge of it. Therefore, we will disregard this portion of Mr. Layh's affidavit. However, the remainder of the affidavit appears to be based on personal knowledge and will be considered. Mr. Layh's statement that the floor was wet and slick where Mr. Martin fell is based upon his observations as he helped Mr. Martin.
The appellees argue that this evidence is insufficient to show that Mr. Martin slipped on liquid on the floor. They contend that the evidence shows that Mr. Martin fell and then Ms. Clatterbuck spilled beer on the floor. They submit that Mr. Martin's face would not have been wet, given that he fell on his back, unless Ms. Clatterbuck spilled the beer onto him. While the appellees have submitted a reasonable explanation of what happened, we believe there is still a genuine issue as to whether Mr. Martin slipped on liquid already on the floor. Mr. Martin testified that he slipped on liquid and fell, though he did not indicate whether he felt the liquid underfoot as he was falling or reached this conclusion based on the fact that he was wet after his fall. While the appellees contend that Ms. Clatterbuck spilled the liquid after his fall, Mr. Martin testified that he did not recall any employees being near him when he fell. Viewing this evidence in the non-movant's favor, we must conclude that a genuine issue of material fact exists as to whether Mr. Martin fell because of the liquid on the floor.
To survive summary judgment, however, the appellants must also demonstrate that the defendant, through its officers or employees, was responsible for the hazard, that the defendant had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or that the danger had existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Johnson, supra, at 589.
The appellants have introduced no evidence that the appellees actually knew about the liquid on the floor or that the liquid had been present for so long that the appellees should have known about it. Mr. Martin did not see the liquid before his fall and admitted that he did not know how long it was there. Mrs. Martin testified that she did not see or feel anything on the floor when she walked through the area. Further, Ms. Clatterbuck testified that she traveled continuously through that area but did not see any spills or other substances on the floor.
The appellants contend that the area Mr. Martin walked through was exclusively controlled by the appellees and their employees and, therefore, the liquid on the floor must have been spilled there by an employee of the appellees. If the plaintiff can prove that the defendant or its employees created the dangerous condition, the plaintiff does not have to show that the defendant had knowledge of the dangerous condition. Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129.
In support of their argument, the appellants direct us to Peterson v.Rockne's Pub (Dec. 2, 1998), Summit App. No. 19084, unreported. InPeterson, the plaintiff fell after she descended some steps at a restaurant. She felt something on the floor when she slipped and noticed some red sauce on her left shoe after she fell. An employee testified that both patrons and employees used the area where the plaintiff fell but only servers and busboys would carry food and dirty dishes through the area. The employee had never seen a customer carry food through the area and neither the plaintiff nor her husband was carrying food or sauce when the plaintiff fell. The employee also indicated that if a server noticed something on the floor, the server could either clean it up immediately or notify a busboy. However, the employee had walked by spills in the past without cleaning them or notifying a busboy. Based on this evidence, the Ninth District concluded that the evidence showed that only the restaurant or its agent caused the foreign substance to be placed on its floor and summary judgment was inappropriate.
Here, both the appellants testified that they were walking from their booth to the stage when Mr. Martin fell. Mr. Martin testified that he was between the bar stools and the booths and approaching the stage when he fell. Mr. Layh's affidavit indicates that the karaoke machine was set up on a small stage at one end of the bar. The stage was not accessible from the front area because of the machine; the microphones were behind the machine. To access the stage, a person had to go between the end of the bar and the stage. Mr. Layh's affidavit indicated that the area to be walked through was the area where employees could go from the Keg Room to another section of the building. The area was also being used by the waiters and waitresses to serve drinks as well as to store dirty dishes and glasses. Mr. Layh's affidavit then states that "[t]his area was highly trafficked and was used only by employees of the Keg Room constantly."
The appellants argue that this last statement by Mr. Layh supports their hypothesis that because only Keg Room employees utilized this area, one of them must have caused the spill. We disagree. Taken in isolation this statement appears to mean that only Keg Room employees used the area and they used it constantly. However, in light of the entire affidavit, it appears that this area was used for multiple purposes, including accessing the stage, allowing employees access to other parts of the building, serving drinks, and storage of dirty dishes and glasses, though only employees used it on a constant basis. Mr. Layh indicated that when Mr. Martin fell he was between the stage and the bar (presumably in this area) and Mr. Martin indicated that he was between the booths and the bar stools. Mr. Layh's affidavit, taken as a whole, indicates that the area where Mr. Martin fell was used by employees and patrons.
The appellants have submitted no evidence, other than the location of the liquid, in support of the theory that the appellees, as opposed to another patron, caused the wet spot. In Peterson, the plaintiff identified the substance that caused her fall and there was testimony by a server that no customers carried food or sauce through the restaurant; only servers and busboys did so. Further, there was testimony that spills were not always cleaned up immediately.
Here, there was no evidence of what the liquid was or how big the spot was. It could as easily have been created by a patron walking past the bar and approaching the stage as by a waiter or waitress transporting dirty dishes. There was no evidence that only employees transported liquids throughout the establishment. It would be unreasonable for this Court to presume that whenever there is a wet spot on the floor of a restaurant, it was caused by the owner or occupier. Without more evidence, we cannot infer that the appellees or its employees caused the liquid to be on the floor. Cf. Louderback v. Big Bear Stores Co. (Oct. 2, 1996), Pike App. No. 96CA569, unreported.
We must conclude that the appellants have failed to meet any prong of the test set forth in Johnson, supra. Specifically, the appellants have failed to produce evidence that the appellees or their employees were responsible for the liquid on the floor, nor have the appellants shown that any of the employees knew of the hazard. While we sympathize with appellants, their own testimony demonstrates that patrons utilized the area where Mr. Martin fell and, therefore, the area was not under the exclusive control of the appellees such that an employee of the appellees must have created the wet spot. In fact, there is no evidence how the liquid got there or that anyone knew about it being there. Finally, there is no evidence that the liquid was there for any sufficient length of time that would justify the inference that the failure to warn Mr. Martin of the hazard, or to remove the hazard, was attributable to a lack of ordinary care. There is no evidence whatsoever regarding the length of time that the liquid was on the floor before Mr. Martin's slip and fall.
For the foregoing reasons, the appellants' sole assignment of error is without merit.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment Opinion
 _______________________ William H. Harsha, Judge